UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>          Plaintiff,<br><br>     v.<br><br>CONSUMER ATTORNEY MARKETING SERVICE,<br><br>          Defendant. | Case No. 2:20-cv-02553-WBS-JDP (PC)<br><br>ORDER THAT PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* IS GRANTED<br><br>ECF No. 7<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>   (1) FILE AN AMENDED COMPLAINT; OR<br><br>   (2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER.<br><br>ECF No. 1<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED AS MOOT<br><br>ECF No. 10 |

Plaintiff Carl Foust is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He names Consumer Attorney Marketing Service ("CAMS") as the lone defendant. Plaintiff does not allege, as best I can tell, that this entity has violated any of his federal or constitutional rights. ECF No. 1 at 3. I will give him an opportunity to amend his complaint.

1

1    Plaintiff has also filed an application to proceed *in forma pauperis*. ECF No 7. It makes
2    the required showing and is granted.[1] Plaintiff's motion for preliminary injunction—which he
3    styles as a "request"—complains that prison officials are refusing to sign his "trust withdraw[al]
4    slips." ECF No. 10 at 2. He claims that their refusal to do so is frustrating his attempts to send
5    money to the court. *Id.* Given that I have granted his IFP application, officials' alleged refusal to
6    sign the withdrawal slips should no longer be an issue. Funds will automatically be withdrawn
7    from his prison trust account to satisfy the filing fee. I will recommend that his motion for
8    preliminary injunction be denied as moot.

### Screening and Pleading Requirements

10   A federal court must screen a prisoner's complaint that seeks relief against a governmental
11   entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable
12   claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a
13   claim upon which relief may be granted, or seeks monetary relief from a defendant who is
14   immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

15   A complaint must contain a short and plain statement that plaintiff is entitled to relief,
16   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
17   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
18   require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
19   662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
20   possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
21   identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
22   1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
23   give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
24   n.2 (9th Cir. 2006) (en banc) (citations omitted).

25   The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
26   U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it

---

28   [1] Plaintiff will pay the filing fee in accordance with the concurrently filed collection order.

2

1  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
2  would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
3  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
4  of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
5  1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

In order to state a section 1983 claim, a plaintiff must allege that a defendant acted under color of law, and that the defendant's conduct deprived him of a constitutional right. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc). But I cannot discern the nature of plaintiff's alleged injury; he has not identified any constitutional or federal right violated by defendant CAMS. He alleges that: (1) another inmate has been telling his peers that he is gay, (2) a psychiatric provider failed to help him with an unidentified issue, (3) that he is "doing time for something [he] didn't do" and that his wrongful conviction is somehow related to his time with the Boy Scouts fifty-six years ago. ECF No. 1 at 3. With respect to CAMS, he alleges only that he called (or perhaps attempted to call) this organization. *Id.* These allegations do not give rise to a constitutional claim. In addition, there is no allegation that CAMS is a state actor or that its wrongful conduct, whatever plaintiff believes that to have been, was "fairly attributable to the state." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012). A section 1983 action cannot proceed where there is no defendant who acted under color of law.

I will give plaintiff leave to amend his complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number. If plaintiff

chooses to stand on his current complaint, I will recommend that it be dismissed for failure to state a claim.

Accordingly, it is ordered that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 7) is granted.

2. Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.

3. Failure to comply with this order may result in the dismissal of this action.

4. The clerk's office is directed to send plaintiff a complaint form.

Further, I recommend that plaintiff's motion for preliminary injunction (ECF No. 10) be denied as moot.

This recommendation will be submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of these findings and recommendations, plaintiff may file written objections with the court. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   March 3, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4