UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>       Plaintiff,<br><br>   v.<br><br>CONSUMER ATTORNEY MARKETING SERVICE,<br><br>       Defendant. | Case No. 2:20-cv-02553-WBS-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S SECOND AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>ECF No. 28<br><br>FOURTEEN-DAY DEADLINE FOR OBJECTIONS |

Plaintiff Carl Foust proceeds on his second amended complaint. ECF No. 28. His original failed to state a claim, and the current one fares no better.[1] Accordingly, I will recommend that his most recent complaint be dismissed without leave to amend.

**Screening Order**

**I.    Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

---

[1] Plaintiff also filed a first amended complaint between his original and the most recent. Given that the most recent amended complaint supersedes those that preceded it, I consider only the second amended complaint.

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff names only the Consumer Attorney Marketing Service ("CAMS") as a defendant.  I have reviewed the complaint and cannot tell what claim, if any, plaintiff is attempting to state against this entity.  Most of the complaint is devoted to vaguely-articulated wrongs, only some of which were allegedly perpetrated against plaintiff.  Nowhere does the complaint describe how CAMS was involved in or responsible for plaintiff's misfortunes.  Moreover, CAMS is not an appropriate defendant in a section 1983 action because there is no recognizable allegation that it is a state actor.  *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element

2

of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful . . . .") (internal quotation marks omitted).

Plaintiff has been afforded two chances to submit a complaint and has not stated any cognizable claims. I find that granting him another opportunity to amend would be futile.

Accordingly, I RECOMMEND that plaintiff's second amended complaint, ECF No. 28, be dismissed with prejudice and without leave to amend for failure to state a claim.

These recommendations will be submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of these findings and recommendations, the parties may file written objections with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   December 2, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3